IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| HECTOR GUTIERREZ, | § | |
|     Petitioner, | § | |
| | § | |
| V. | § | A-12-CA-1078-LY |
| | § | |
| RICK THALER, | § | |
| Director, Texas Dept. of Criminal Justice- | § | |
| Correctional Institutions Division, | § | |
|     Respondent. | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

TO:    THE HONORABLE LEE YEAKEL
           UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Petitioner's Application for Habeas Corpus Relief under 28 U.S.C. § 2254 (Document 1); Respondent's Answer (Document 7); and Petitioner's reply (Document 8). Petitioner, proceeding pro se, paid the full filing fee for his application. For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be dismissed as time-barred and alternatively denied on the merits.

**I.  STATEMENT OF THE CASE**

**A.**    **Petitioner's Criminal History**

According to Respondent, the Director has custody of Petitioner pursuant to a judgment and sentence of the 147th Judicial District Court of Travis County, Texas. Petitioner was convicted of

first degree felony burglary of a habitation and sentenced to 20 years in prison on July 9, 1998. Petitioner does not challenge his holding conviction. Rather, he challenges the legitimacy of state statutes in effect at the time he committed his current holding offense which control how his sentence is carried out.

Petitioner raised the same claims in a state application for habeas corpus relief filed on May 30, 2012, when he placed his state application in the prison mail system for mailing. See Richards v. Thaler, No. 11–20803, 2013 WL 809246, at *5 (5th Cir. Mar. 5, 2013) (holding state applications for habeas corpus relief are now deemed filed at the time they are delivered to prison authorities, not at the time they are stamped by the clerk of the court). The Texas Court of Criminal Appeals denied the state application without written order on July 18, 2012. Ex parte Gutierrez, Appl. No. 77,901-01 at cover.

**B.    Petitioner's Grounds for Relief**[1]

Petitioner raises the following grounds for relief:

1. The Texas Legislature lacked authority to repeal state good time statutes allowing an inmate to discharge his sentence early;

2. Once an inmate has surpassed his early discharge date that inmate may not legally be placed on parole; and

---

[1] Like the state district court, Respondent misconstrues Petitioner's claims. Petitioner is not challenging the failure to release him on parole or mandatory supervision. Rather, Petitioner claims his good time credits should actually reduce his sentence rather than simply affect his eligibility for parole or mandatory supervision. Petitioner essentially is requesting that the execution of his sentence be calculated pursuant to laws predating the 1977 repeal of Tex. Rev. Civ. Stat. Ann. art. 6166v and 6184l, despite the fact his crime was committed in 1998. The Texas Court of Criminal Appeals apparently recognized the misconstruction by the district court when it denied Petitioner's state application without written order without relying on the district court's findings of fact and conclusions of law.

    3.    Petitioner is wrongfully held in prison because his work, good conduct, and flat time credits exceed his sentence under the old statutory language, which is also a violation of the Double Jeopardy Clause.

## II.  DISCUSSION AND ANALYSIS

**A.**  **Statute of Limitations**

Respondent moves to dismiss Petitioner's application as time-barred. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief. See 28 U.S.C. § 2244(d). That section provides, in relevant part:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner's conviction became final, at the latest, on August 8, 1998, at the conclusion of time during which he could have appealed his conviction. See Tex. R. App. P. 26.2(a). At the time Petitioner's conviction became final the factual predicate of his claims could have been discovered

through the exercise of due diligence. Therefore, Petitioner had until August 8, 1999, at the latest, to timely file his federal application. Petitioner did not execute his federal application for habeas corpus relief until October 11, 2012, thirteen years after the limitations period had expired.

Petitioner contends the state created an impediment to bringing this argument because the Stevenson Unit Library did not contain the statutes being challenged. Petitioner states he has only been able to make these challenges because Philip Critchley Jr. purchased the statutes on November 29, 2011, from the Texas State Law Library. The Fifth Circuit has held that "[i]n order to invoke § 2244(d)(1)(B), the prisoner must show that: (1) he was prevented from filing a petition (2) by State action (3) in violation of the Constitution or federal law." Egerton v. Cockrell, 334 F.3d 433, 436 (5th Cir. 2003). That is, Petitioner must show that the delay in obtaining the statutes actually prevented him from filing a § 2254 petition in violation of the Constitution or federal law. See id. at 436–37. Petitioner has not made the requisite showing. Petitioner fails to specify whether he has been incarcerated at the Stevenson Unit his entire fifteen years of imprisonment, mention whether he requested a transfer to a different facility with a complete library, indicate the date on which Access to Courts allegedly removed the statutes in question from the library, or explain why the statutes could not have been obtained from the Texas State Law Library sooner. His conclusory allegations are insufficient to show a state-created impediment prevented him from timely filing his petition.

The record does not reflect that any unconstitutional state action impeded Petitioner from filing for federal habeas corpus relief prior to the end of the limitations period. In addition, the claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review.

**B.     Merits**

In addition to Petitioner's application being untimely filed, the application is also without merit. "There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." Greenholtz v. Inmates of the Neb. Penal & Correctional Complex, 442 U.S. 1, 7 (1979). Any good or work time credits Petitioner has accrued does not discharge any part of his 20-year sentence. A Texas inmate, who committed his offense in 1998, cannot compute his sentence by adding good and work time credits to the time he has actually served (flat time)–this calculation merely reflects when he is eligible for mandatory supervision or parole, not that he is absolutely entitled to immediate release. The execution of Petitioner's sentence is determined by the laws in effect at the time Petitioner committed his offense in 1998. He simply is not entitled to have his sentence calculated pursuant to laws in effect prior to 1977, and has offered no valid authority that the previous good time laws were illegally repealed.

The failure to release Petitioner prior to the expiration of his sentence also does not implicate a double jeopardy violation. The Double Jeopardy Clause of the Fifth Amendment, made applicable to the States through the Fourteenth Amendment, provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." U.S. CONST. AMEND. V. This clause protects against: (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense. As a matter of state law, good and work time credits apply only to eligibility for parole or mandatory supervision and do not actually reduce, extend, or otherwise have any effect on the length of sentence imposed on an inmate. See Ex parte Hallmark, 883 S.W.2d 672, 674 (Tex. Crim. App.1994); TEX.

GOV'T CODE ANN. § 498.003(a) (Vernon 2004). Petitioner has not been subjected to multiple punishments for the same offense.

In conclusion, Petitioner has failed to prove that a federal constitutional violation has occurred. The state court's denial of habeas relief does not appear to be contrary to or involve an unreasonable application of clearly established federal law nor does it appear to be based on an unreasonable determination of facts in light of the evidence presented in the state court proceedings.

### III.  RECOMMENDATION

It is recommended that Petitioner's application for writ of habeas corpus be dismissed with prejudice as time-barred and alternatively be denied on the merits.

### IV.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. "When a district court denies a habeas petition on procedural grounds without

reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

In this case, reasonable jurists could not debate the denial or dismissal of the Petitioner's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. Miller-El v. Cockrell, 537 U.S. 322, 327, 123 S. Ct. 1029 (2003) (citing Slack, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court shall not issue a certificate of appealability.

## V. OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985); Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 30th day of April, 2013.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE